IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2012 Session

## MARY BUTCHER v. RONALD BUTCHER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004713-07      Robert L. Childers, Judge**

---

**No. W2011-01808-COA-R3-CV - Filed June 12, 2012**

---

Husband appeals the trial court's division of property in this divorce action.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, JUDGE, joined.

TeShaun Moore, Cordova, Tennessee, for the appellant, Ronald Butcher.

Lee Ann Pafford Dobson, Germantown, Tennessee, for the appellee, Mary Butcher.

## OPINION

This appeal arises from the trial court's division of property in a divorce action. Plaintiff/Appellee Mary Butcher (Ms. Butcher) and Defendant/Appellant Ronald Butcher (Mr. Butcher) were married in October 1976.  In September 2007, Ms. Butcher filed a complaint for legal separation in the Circuit Court for Shelby County.  In May 2009, she filed an amended complaint for legal separation and/or complaint for divorce in which she alleged, as grounds for divorce, irreconcilable differences and inappropriate marital conduct.  The trial court heard the matter on June 20 and 21, 2011.  Mr. Butcher proceeded *pro se*; Ms. Butcher was represented by counsel.  On July 11, 2011, counsel for Mr. Butcher filed a notice of appearance and an "Objection to the Entry of Final Decree."  The trial court entered a final decree of divorce on July 20, 2011, awarding Ms. Butcher a divorce based on the stipulated grounds of inappropriate marital conduct.  The trial divided the parties' property, awarding the parties their separate businesses and awarding Ms. Butcher the real property in which the businesses were housed.  The trial court awarded Ms. Butcher alimony *in solido* in the amount of $26,139.00. The property division resulted in an award of 61 percent of the

parties' marital assets to Ms. Butcher, and 39 percent to Mr. Butcher. Mr. Butcher filed a motion for a new trial and to stay the judgment on July 20, 2011; on August 22, 2011, he filed a notice of appeal to this Court. The trial court denied Mr. Butcher's motion for a new trial and objection to the entry of the final decree by final order entered February 15, 2012.

Mr. Butcher presents one issue for our review on appeal:

Whether the trial court failed to equitably divide marital property when it awarded Appellee Butcher Tax Services, which Appellant and Appellee own as partners, without determining a value for the partnership.

Ms. Butcher asserts, as an initial matter, that this appeal should be dismissed for Mr. Butcher's failure to comply with Rule 7 of the Rules of the Court of Appeals of Tennessee. She also asserts the issue of whether the parties operated a joint business partnership was not raised in the trial court and cannot be argued for the first time on appeal.

Rule 7 of the Court of Appeals provides:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

(c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

At oral argument of this matter on May 23, 2010, counsel for Mr. Butcher acknowledged the failure to include a Rule 7 table in his brief. Additionally, no offer has been made to supplement the briefs.

We have held that the failure to comply with Rule 7 of the Court of Appeals waives issues relating to the requirements of the Rule. *E.g., Forbess v. Forbess*, No. W2011–01105–COA–R3–CV, 2011 WL 6153607, at *6 (Tenn. Ct. App. Dec. 9, 2011), *perm. app. denied*) (Tenn. April 12, 2012). "This Court is under no duty to search a trial court record in order to discern the valuation of the couple's property. This Court has previously found issues involving the valuation and division of property waived for failure to comply with Rule 7." *Id.* (quoting *Harden v. Harden*, No. M2009–01302–COA–R3–CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010)). We have opined,

> [I]t is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the entire distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

*Id.* (quoting *id.*)

Although it within our discretion to excuse Mr. Butcher's failure to include a Rule 7 table in his brief, upon review of the record, we observe that Mr. Butcher did not assert that the parties' operated a business venture that should be valued and divided as a partnership during the proceedings in the trial court. In his "objection to entry of the final decree" and motion for a new trial, Mr. Butcher asserted that the trial court erred by failing to determine the value of the parties' continuing business. Throughout the proceedings in the trial court, however, the parties' businesses were characterized as two separate businesses, and it is undisputed that the parties maintained separate business accounts. Mr. Butcher did not argue that the parties operated a partnership in the trial court, and he submitted no evidence of value to the trial court with respect to the parties' businesses. An issue not properly raised in the trial court cannot be argued for the first time on appeal. *E.g., Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009)(citations omitted). Additionally, we have noted that "[i]t is the responsibility of the parties, not the court, to propose values to marital property." *Caldwell v. Caldwell*, No. M2007-01205-COA-R3-CV, 2008 WL 4613586, at *2 (Tenn. Ct. App. Oct. 13, 2008)(citing *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App.1987)).

In light of the foregoing, we agree with Ms. Butcher that Mr. Butcher has waived the

issue presented for our review in this matter. We accordingly affirm the judgment of the trial court and dismiss this appeal. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs. Costs of this appeal are taxed to the Appellant, Ronald Butcher, and his surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE